WILLIAM MANZO, *ET AL.*, PLAINTIFFS-RESPONDENTS, CROSS-APPELLANTS, v. CITY OF PLAINFIELD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT, CROSS-RESPONDENT.

Argued January 11, 1971—Decided June 30, 1971.

*Mr. Robert T. Hueston* argued the cause for appellant, cross-respondent (*Messrs. Hueston and Hueston,* attorneys).

*Mr. John D. Methfessel* argued the cause for Committee of Plaintiffs' Attorneys (*Messrs. Gennet and Methfessel,* attorneys).

PER CURIAM. This an action to recover property losses suffered during serious racial disturbances in the defendant City of Plainfield in July 1967. The many claims were pressed both on the thesis that defendant was negligent and on the thesis that defendant is liable under a statute relating to mobs and riots, *N. J. S. A.* 2A:48–1 to 7. The case was tried before a jury with the stipulation that the trial judge would decide the negligence issue and the jury the liability issue under the statute. The trial judge found as a fact that defendant was not negligent. The jury determined that there was a riot within the meaning of the statute on three specific days. Interlocutory judgments were entered. The Appellate Division granted a motion and a cross-motion for leave to appeal and we certified the appeals before argument there.

The case was argued before us along with *A. & B. Auto Stores of Jones Street, Inc. v. City of Newark,* 59 *N. J.* 5 decided this day. The opinion filed in that matter covers

virtually all of the questions in the present case. We need add little to what is said there.

██ Defendant attacked the constitutionality of the statute on a pretrial motion which the trial court denied. 107 *N. J. Super.* 303 (Law Div. 1969). The challenge is the same as the challenge we rejected in *City of Newark,* except for the further claim that the statute is void for vagueness because it does not define a riot. But the word, despite some difficulty inevitably experienced in attempting to state its outer limits with exactness, has adequate content gathered from the history of the subject. The word is in common usage. That there is need for judicial interpretation in the application of a statute does not itself establish unconstitutional vagueness. It is commonplace for the courts to exercise that role. Nor is the situation one in which imprecision can be said to be misleading. The City cannot say it would have done more had it been better advised beforehand as to what is a riot within the meaning of the act. The word is constitutionally sufficient. See *State v. Smith,* 46 *N. J.* 510, 518–519 (1966), *cert.* denied, 385 *U. S.* 838, 87 *S. Ct.* 85, 17 *L. Ed.* 2d 71 (1966).

██ Defendant contends there was no evidence of a riot. The point made is not that the participants were too few or that the events lacked any of the elements of a riot discussed in *City of Newark.* On the contrary, defendent maintains there was an insurrection. There was evidence of intervention by organized, disciplined, armed men, but it could not be said as a matter of law that the objective was to unseat the government. In any event, the trial court left the issue to the jury. The jury's finding of riot, rather than insurrection, is well supported by the proofs.

██ The trial court held the statute covers property stolen during the riot. We upheld the same construction of the statute in *City of Newark.*

██ Defendant's final point is that insurance carriers should have been denied subrogation to their insureds' claims. With this we agree, and in this respect the interlocutory judg-

ments must be modified. The issue is treated at length in the *City of Newark* case. Plaintiffs add two thoughts not presented in *City of Newark,* upon which brief comment should be made.

■ ■ One is that the Legislature has directed subrogation because the standard fire insurance policy as prescribed in *N. J. S. A.* 17:36–5.20 contains this provision:

> This Company may require from the insured an assignment of all right of recovery against any party for loss to the extent that payment therefor is made by this Company.

Needless to say, the parties to a contract cannot by their agreement control the principles of equity which govern subrogation to a claim against a third party. The question, then, is whether the Legislature, in prescribing a standard insurance policy, intended to alter the principles of equity which would apply as to third parties if the form of the contract were settled by the contracting parties themselves. We cannot attribute any such intention to the Legislature. More specifically we cannot say the Legislature intended thereby to amend the mob and riot statute. There is nothing in the insurance act which intimates the subject was even remotely in mind. See *Roberts v. Fireman's Insurance Company of Newark, N. J.,* 376 *Pa.* 99, 101 *A.* 2d 747, 750–751 (Sup. Ct. 1954).

■ The second point alleged by plaintiffs is that the defendant City is in fact covered by ample liability insurance and hence the contest here is between two paid carriers. We are not persuaded to say that subrogation should be permitted because of that alleged fact. The liability carrier covers an assured whose liability is not based on fault. The premiums paid that carrier, which must ultimately reflect loss experience, will fall upon the community of taxpayers who are the unpaid sureties without fault. Subrogation should not be ordered unless it is affirmatively demonstrated that it would further the demands of justice. That demonstration is not made out in these circumstances.

On their cross-appeal, plaintiffs challenge the trial court's factual finding that defendant was not negligent. As we have held in *City of Newark*, a claim of negligence will not lie. Plaintiffs complain also because the trial court held the statute did not cover claims for business interruption, loss of profits, and other intangible property items. We approved of the same ruling in *City of Newark*.

The interlocutory judgments are accordingly modified in part and affirmed in part and the matters remanded to the trial court for further proceedings not inconsistent herewith.

*For modification and affirmance*—Chief Justice WEIN-TRAUB and Justices FRANCIS, PROCTOR, HALL and SCHETTINO —5.

*For reversal*—None.