400 So.2d 197 (1981)
STATE of Florida, Appellant,
v.
Robert L. LITTLE, Appellee.
No. 80-304.
District Court of Appeal of Florida, Fifth District.
July 1, 1981.
*198 Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty., Gen., Daytona Beach, for appellant.
Raymond E. Cramer, St. Cloud, for appellee.
DAUKSCH, Chief Judge.
We have for consideration before us an order of the trial court declaring
ORDERED AND ADJUDGED that Section 732.663 F.S. [sic][1] does not charge a crime. It mere sets our a penalty for unlawfully poaching. Further, if this Section states a crime the State would have to prove the elements of poaching, that is the trespass and violation of sporting rights. Therefore the Motion to Dismiss is granted.
The order of the trial court is unclear. We are confused first by the "order that Section 732.663 (sic) does not charge a crime." We assume the order was meant to say "state" a crime and, if so, the implication is that the trial judge felt the statute was unconstitutionally vague. We have also been led to suspect the trial judge might have meant to say the statute does not allow for a prosecution for a crime because it fails to define the elements of poaching which were, at common law, as the order says, the trespass upon another's land and the violation of his "sporting rights." That means, essentially, the taking of game animals from another's property, either private or public. In order to take a wild animal, a game animal, it is obviously necessary to kill or capture it. Of course this is true of any animal which does not want to come, or cannot, by its own volition.
As has been often said it is our obligation to find an allegedly unconstitutionally vague statute constitutional if the application of ordinary logic and common understanding would permit. Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969). See Newman v. Carson, 280 So.2d 426 (Fla. 1973) (test of statutory vagueness is whether language conveys sufficiently definite warning as to proscribed conduct when measured by common understanding and practice).
Having read this statute and the information charging the crime we must conclude there is nothing vague or indistinct about what the Legislature meant when it wrote the statute and what the appellees were alleged to have done to violate it. This statute is surrounded by others which are obviously meant to protect alligators. Although this particular statute is the only one we have found which uses the word "poaching" or the word poach in any form, we cannot see how a person would be misled as to what acts are proscribed by the statute.
There are a number of statutes which provide for the penalty for the commission of acts which were under the common law, and still are, crimes. Just because the Legislature has not specifically defined the usual meaning of these crimes does not mean they can by violated without penalty. In section 775.01, Florida Statutes, it is provided
The Common Law of England in relation to crimes, except so far as the same relates to the modes and degrees of punishment, shall be of full force in this state where there is no existing provision by statute on the subject.
If the Legislature uses a word without defining it then its common or ordinary meaning applies. Although we recognize "poaching" or "to poach" is not as common a term as in times past and our urban neighbors may not even know what it means, it is hardly questionable that one who goes upon another's land wrongfully and kills or captures game animals knows what poaching means. The moneylender knows quite well what usury means but it is probable many woodsmen do not. The same may be said of the words compounding a felony, misprision of a felony, sedition, *199 and tattooing. We have skimmed the statute books for champerty, barratry and maintenance and do not see those words defined (or the crimes proscribed) but there are few lawyers who do not know, generally, what those terms mean, and it is lawyers who would violate them. It is apparent the Legislature meant to require the elements of common law poaching to be proved, and that should be done. The statute and the information are clear enough in their terms to let the accused know what he did wrong and the potential poacher know what he better not do.
The order dismissing the information is reversed.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] The proper statute is 372.663 which states:

(1) Any person who is convicted of poaching alligators or any crocodilia by killing or capturing, or attempting to kill or capture, such animals shall be guilty of a felony of the third degree ...