414 So.2d 1089 (1982)
The Honorable Robert M. DEEHL, As County Judge of the Dade County Court, Appellant,
v.
George F. KNOX, Jr., Appellee.
Nos. 81-592, 81-768.
District Court of Appeal of Florida, Third District.
May 11, 1982.
Rehearing Denied June 22, 1982.
*1090 Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., Janet Reno, State Atty. and Ira N. Loewy, Asst. State Atty., for appellant.
Sams, Gerstein & Ward, P.A., Carhart & McGuirk, P.A., Daniels & Hicks and Sam Daniels, Miami, for appellee.
Before SCHWARTZ, BASKIN and DANIEL S. PEARSON, JJ.
SCHWARTZ, Judge.
The appellant is a judge of the Dade County Court against whom a writ of prohibition was issued precluding the trial of the appellee on a misdemeanor information which alleged a violation of Section 918.14(1)(b), Florida Statutes (1979).[1] This portion of the so-called witness tampering statute forbids knowingly inducing or attempting to induce a witness in a pending proceeding from "[w]ithhold[ing] any testimony, information, document, or thing."[2] The *1091 ruling below[3] was based on the conclusion that the provision is facially invalid for first amendment overbreadth. We disagree and, upon the conclusion that, properly interpreted, the statute is in fact constitutional, reverse the judgment below.
The appellee's position is based upon the undeniable fact that the literal language of the statute reaches conduct which is at once innocent and protected by the guarantees of free speech, assembly and association contained in the first amendment to the United States Constitution and Article I, Sections 4 and 9 of the Florida Constitution. He suggests that it prohibits, for example, an attorney from properly advising his client to plead the fifth amendment[4] or a physician, clergyman, or family member from a good-faith suggestion that a witness  for reasons of his own well-being  should not testify. If any of this protected activity is in fact or could cogently be deemed prohibited by the statute, § 918.14(1)(b) would indeed be constitutionally overbroad and hence invalid. E.g., Lewis v. New Orleans, 415 U.S. 130, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974); Sawyer v. Sandstrom, 615 F.2d 311 (5th Cir.1980); State v. Keaton, 371 So.2d 86 (Fla. 1979). But, as we construe it, it simply does not so provide.
It is axiomatic that courts are required to interpret a statutory provision  if consistent with the ultimate polestar of the issue, the legislative intent[5]  so as to render it immune from claims of unconstitutionality, White v. State, 330 So.2d 3 (Fla. 1976), including one of overbreadth.[6]Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); Grand Faloon Tavern, Inc. v. Wicker, 670 F.2d 943 (11th Cir.1982); State v. Elder, 382 So.2d 687 (Fla. 1980); State v. Saunders, 339 So.2d 641 (Fla. 1976). Here, as in many other instances, that requirement may and therefore must be effectuated by giving the statute a limiting construction which requires that the act or words forbidden only in general terms be performed or uttered with criminal intent. State v. Allen, 362 So.2d 10 *1092 (Fla. 1978) (construing theft statute as including unstated but constitutionally-required element of unlawful intent). In the case of the provision before us, the forbidden intent which is thus deemed an element of the offense is one "corruptly to interfere with the administration of justice." Thus, in 67 C.J.S. Obstructing Justice § 8 (1950), it is said
[t]he gist of the offense [of witness tampering] is the willful and corrupt attempt to interfere with and obstruct the administration of justice.
See also, Zalla v. State, 61 So.2d 649, 651 (Fla. 1952) ("The gist of the offense of `attempted bribery' is the criminal intent to undermine the proper and orderly administration of justice. The law punishes an offer which is calculated to debase. The corpus delicti is the corrupt intent.")
A criminal intent of this nature was deemed an element of the common law crime of witness tampering. See R. v. Kellett, [1975] 3 All E.R. 468, in which the court, in the course of an exhaustive discussion of the issue, pointed out that the
Report of the Committee on Contempt of Court, December 1974 ... regards the intent necessary for the offence which we have to consider as implicit in its name:
`... that the intended interference is improper or wrong. Thus, a person who encourages a witness to come forward, or a solicitor who advises against taking or defending legal proceedings may be described as intending to interfere, but is clearly doing no wrong, and cannot be liable... .'
[1975] 3 All E.R. at 477. See also, 10 Halsbury, The Laws of England § 1194 (3d ed. G. Simonds 1955). It is the general rule that statutes, including criminal ones, should be construed to reflect the common law, unless, as it did not in this instance, the legislature clearly indicates otherwise. Akins v. Bethea, 160 Fla. 99, 33 So.2d 638 (1948); State v. Little, 400 So.2d 197 (Fla. 5th DCA 1981) (elements of common law crime of poaching deemed incorporated into Florida statute); see also, Purvis v. State, 377 So.2d 674 (Fla. 1979) (common law definition of fornication read into Florida statute rendering it invalid as contrary to equal protection clause). Much more specifically, the supreme court has consistently engrafted the limiting common law definitions of riot and unlawful assembly upon the Florida statutory law, Sections 870.01-.03, Florida Statutes (1979), in order to remove a first amendment overbreadth objection which would admittedly have been well-taken if only the actual verbiage of the statutes were considered. Mobley v. State, 409 So.2d 1031 (Fla. 1982); State v. Simpson, 347 So.2d 414 (Fla. 1977), appeal dismissed, 434 U.S. 961, 98 S.Ct. 498, 54 L.Ed.2d 447 (1977); State v. Beasley, 317 So.2d 750 (Fla. 1975). These cases are controlling and determinative of the one at bar.
In contrast to several cases in which a constitutional statutory construction was precluded by a conclusive indication that it was not in accordance with the wishes of the legislature, State v. Keaton, 371 So.2d 86 (Fla. 1979); Brown v. State, 358 So.2d 16 (Fla. 1978); Purvis v. State, supra, there is no doubt that our restrictive interpretation of § 918.14(1)(b) is in full accord with the legislative intent. First, it is quite obvious that the legislature could not have wished to criminalize the innocent, indeed commendable conduct to which the unglossed words of the statute would apply. This view is confirmed by specific legislative indications to this effect. Plainly, § 918.14(1)(b) must not be considered in isolation, but in the light, not only of the other portions of the same statute, but of the entire body of statutory law. Cobb v. Wainwright, 666 F.2d 966 (5th Cir.1982); Garner v. Ward, 251 So.2d 252 (Fla. 1971). In this case, the intent to penalize only actions performed with an element of criminality is forcefully demonstrated by the fact that each of the other subsections of § 918.14 specifically so provides. As is shown also by the very title of the original enactment of § 918.14, Ch. 72-315, Laws of Florida  "AN ACT relating to obstructing justice"  it is plain that the section we consider here had the sole  and manifestly beneficent  purpose of protecting the administration of *1093 justice from the intervention of those acting with criminal intent. Moreover, in terms of the "fifth amendment advice" question which the appellee has chosen to emphasize here,[7] it is noteworthy that the invocation of the attorney-client privilege is specifically recognized by § 90.502, Fla. Stat. (1979) as a basis for advising one not to testify. § 90.501, Fla. Stat. (1979); see also § 90.503 (psychotherapist-patient privilege); § 90.504 (husband-wife privilege); § 90.505 (clergyman-penitent privilege). It is inconceivable that the legislature intended by one statute to make a misdemeanor what it has specifically authorized in another.
The requirement of a corrupt intent to establish guilt of the offense clearly removes "the threat of deterrence to constitutionally protected expression" and thus obviates the appellee's overbreadth contention. Grand Faloon Tavern, Inc. v. Wicker, supra, at 670 F.2d 946. Any innocent, protected words or conduct would, by definition, not be uttered or performed with a criminal intent and would not therefore constitute a violation of the statute. R. v. Kellett, supra; see Carricarte v. State, 384 So.2d 1261 (Fla. 1980), cert. denied, 449 U.S. 874, 101 S.Ct. 215, 66 L.Ed.2d 95 (1980); Trushin v. State, 384 So.2d 668 (Fla. 3d DCA 1980), review denied (Fla.Case no. 59,378, opinion filed, July 30, 1981). On the other hand, any attempt to dissuade a witness which is motivated by the corrupt intent we have defined is not constitutionally protected and thus may (and should) be validly forbidden by the state. United States v. Mitchell, 397 F. Supp. 166, 172 (D.C. 1974), aff'd sub nom. United States v. Haldeman, 559 F.2d 31 (D.C. Cir.1976), cert. denied, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977) (upholding constitutionality of 18 U.S.C. § 1503, making it a crime to `[c]orruptly ... endeavor to influence, intimidate, or impede any witness... .'); see United States v. Baker, 611 F.2d 964 (4th Cir.1979); United States v. Stofsky, 527 F.2d 237 (2d Cir.1975), cert. denied, 429 U.S. 819, 97 S.Ct. 65, 50 L.Ed.2d 80 (1976); United States v. Fayer, 523 F.2d 661 (2d Cir.1975); The Florida Bar v. Lopez, 406 So.2d 1100, 1102 (Fla. 1981) (recognizing § 918.14(1), (2) in attorney discipline context); see also, Trushin v. State, supra, at 384 So.2d 668, n. 17, and cases cited.
Finally, we reject the appellee's fall-back position that a limiting construction of § 918.14(1)(b) which negates the overbreadth objection would render it invalid for another reason, that of vagueness.[8] The test of determining if a criminal statute is impermissibly vague is whether it conveys a sufficiently definite warning to one of common understanding of the conduct it proscribes.[9]Newman v. Carson, 280 So.2d 426 *1094 (Fla. 1973). It has been specifically held that the requirement of a "corrupt intent," which we find is a part of this statute, meets this standard, even when first amendment privileges are arguably implicated. Leader v. Sandstrom, supra; Trushin v. State, supra, at 384 So.2d 668; see United States v. Griffin, 589 F.2d 200, 206 (5th Cir.1979); United States v. Howard, 569 F.2d 1331, 1336, n. 9 (5th Cir.1978), cert. denied, 439 U.S. 834, 99 S.Ct. 116, 58 L.Ed.2d 130 (1979). Here, as in Carricarte, supra, at 384 So.2d 1263,
[j]ust as the elements of malice and intent prevent overbroad application of the statute, they lend sufficient clarity to provide adequate notice of the proscribed activity to persons of ordinary intelligence and understanding.[10]
For these reasons, we conclude that § 918.14(1)(b) as construed is facially valid and therefore reverse the judgment below. The cause is remanded with directions to dismiss the petition for prohibition and permit the prosecution of the appellee in the county court to proceed in ordinary course.
Reversed.
NOTES
[1] The charging document, denominated as one "for tampering with a witness," read as follows:

JANET RENO, State Attorney of the Eleventh Judicial Circuit of Florida, prosecuting for the State of Florida, in the County of Dade, under oath, information makes that GEORGE F. KNOX, JR. beginning on or about the 19th day of March, 1980 and continuing through the 20th day of March, 1980, in the County and State aforesaid, knowing that an investigation into unlawful compensation or reward for official behavior was pending before, or was about to be instituted by the State Attorney for the Eleventh Judicial Circuit of Florida, a duly authorized prosecuting authority, or a grand jury of this State, the 1979 Fall Term Grand Jury of the Eleventh Judicial Circuit of Florida, did unlawfully endeavor or attempt to induce or otherwise cause David L. Rouen, a witness, to withhold testimony, information, documents or other things relating to alleged unauthorized compensation or reward for official behavior given by David L. Rouen to an employee of the School Board of Dade County, Superintendent of the Dade County Schools Johnny L. Jones, from the above-named investigating authorities, being in violation of Section 918.14, Florida Statutes.
[2] In its entirety, the statute provides:

918.14 Tampering with witnesses. 
(1) It is unlawful for any person, knowing that a criminal trial, an official proceeding, or an investigation by a duly constituted prosecuting authority, a law enforcement agency, a grand jury or legislative committee, or the Judicial Qualifications Commission of this state is pending, or knowing that such is about to be instituted, to endeavor or attempt to induce or otherwise cause a witness to:
(a) Testify or inform falsely; or
(b) Withhold any testimony, information, document, or thing.
(2) If any person violates the provisions of this section by the use of force, deception, threat, or offer of pecuniary benefit to induce any conduct described in subsection (1), the violation shall constitute a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. In all other cases, a violation shall constitute a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(3)(a) It is unlawful for any person:
1. To cause a witness to be placed in fear by force or threats of force;
2. To make an assault upon any witness or informant; or
3. To harm a witness by any unlawful act in retaliation against the said witness for anything lawfully done in the capacity of witness or informant.
(b) Any person violating the provisions of this subsection shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[3] Whether or not prohibition properly lies, which we do not decide, the state concedes, and we agree, that the facial invalidity of a statute the defendant is charged with violating may be considered in the circuit court on petition for habeas corpus. Sandstrom v. Leader, 370 So.2d 3 (Fla. 1979). Consequently, we treat the judgment below as one granting that relief and proceed to a consideration of the merits.
[4] Although, because only the facial validity of the statute is presently involved, the fact does not appear in the record, we know  and the parties assume that we know  that the appellee is an attorney. Perhaps for this reason, the "fifth amendment" example is the one most discussed in the presentations before us. But Knox's status makes no difference. He may rely on "non-lawyer" hypothets, just as a non-lawyer might rely on the fifth amendment one. This is because, even if his own alleged conduct is not constitutionally protected, any person has standing to secure the invalidation of a statute which is constitutionally infirm for first amendment overbreadth as applied to anyone else. Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); State v. Elder, 382 So.2d 687, 689, n. 2 (Fla. 1980); Miller v. State, 411 So.2d 299 (Fla. 3d DCA 1982) (Pearson, J., dissenting).
[5] E.g., Tyson v. Lanier, 156 So.2d 833 (Fla. 1963); Scarborough v. Newsome, 150 Fla. 220, 7 So.2d 321 (1942); 30 Fla.Jur. Statutes § 77 (1974). As we point out, infra, the narrowing construction we place on the statute, which preserves its validity, is fully in accord with what the legislature desired.
[6] In reality, since the legislature must be presumed to intend to act constitutionally, the rule requiring a limiting constitutional interpretation if possible is merely an aspect of the doctrine that the legislative intent must prevail.
[7] See n. 4, supra.
[8] As in Trushin, 384 So.2d at 673, n. 10, this holding renders it unnecessary directly to decide whether Knox has standing to complain of the statute's alleged first amendment vagueness, as he clearly does as to overbreadth. Note 4, supra. We do observe, however, that Knox's primary challenge to § 918.14(1)(b) was not that it was vague, but that it was all too clear in its overbroad preclusion of conduct of which he is accused, even though it was both wholly innocent and protected by the first amendment. See Sawyer v. Sandstrom, supra. (This case is thus the flip-side of Miller v. State, supra, in which the defendants (unsuccessfully) claimed that a judicial construction of an ordinance which eliminated any claim that it was vague, rendered it overbroad.) In this context, it is indeed difficult to fathom how the appellee can be heard to argue that someone else may have been misled by the alleged vagueness of our present construction of the statute.

In any event, perhaps anticipating a future claim of the defendant, we think it apparent that since our reading of the statute has severely limited its application, no claim that it cannot be retroactively applied to his actions could be accepted. See, State v. Thompson, 413 So.2d 757 (Fla. 1982); compare, Cohen v. Katsaris, 530 F. Supp. 1092 (N.D.Fla. 1982) (expanded judicial interpretation may not be applied to previous conduct which was not violative of terms of statute).
[9] Knox invokes the familiar hobgoblins in support of both his overbreadth and vagueness claims that the statute has a "chilling" effect and acts as a "sword of Damocles" over those who may fear to exercise their first amendment rights because of the brooding omnipresence of the statute. He claims especially that attorneys may be wary about advising their clients to assert their rights against self-incrimination.

See note 4, supra. But, as a practical matter, we are unaware that any Florida attorney thinks or believes that his professional conduct in this regard is in any way inhibited by the statute. The fact  and it is a fact  that this is clearly not the case demonstrates both that the statute is not common sensibly interpreted in its literal sense, and, applying the vagueness standard, that persons of common intelligence know that, properly construed, it does not proscribe any such words or conduct.
[10] Of course, it may well be that issues as to the meaning of Sec. 918.14(1)(b) in its application to a particular situation remain to be resolved. That such resolution must take place in the course of future litigation by judicial decision-making does not, however, render an otherwise valid statute unconstitutionally vague. Knight & Wall Co. v. Bryant, 178 So.2d 5 (Fla. 1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1223, 16 L.Ed.2d 301 (1966); see, People v. Kahn, 19 Cal. App.2d 758, 60 P.2d 596 (1936); Manzo v. City of Plainfield, 59 N.J. 30, 279 A.2d 706 (1971).