SHIVERS, Judge.
State appeals the trial court’s order dismissing delinquency petition. Appellant was charged in the petition with unlawfully possessing dogs (pit bulls) customarily used for taking wildlife in the Cypress Creek Wildlife Management Area during the closed hunting season in violation of Game and Fresh Water Fish Commission Rule 39-15.04(6)(a).
At issue is whether this rule is unconstitutionally void for vagueness. We conclude it is not and reverse.
Rule 39-15.04(6)(a) provides:
No person shall possess or knowingly or negligently allow any dog customarily used for taking wildlife on any part of a management area except as authorized *815 by regulations for the particular area or under permit issued by a representative of the Commission.
Appellant moved to dismiss the petition contending the regulation violates due process. He argued the regulation is arbitrary and capricious because it does not require that the offender possess the dogs knowingly or with unlawful intent and that, consequently, the regulation punishes otherwise innocent conduct.
The trial court dismissed the petition finding Rule 39-15.04(6Xa) void for vagueness since it neither defined the type of dog prohibited from the area nor the kind of wildlife intended to be protected.
Under the due process clauses of the Fifth and Fourteenth Amendments to the Federal Constitution and Florida Constitution, a penal statute must be expressed in language that is definite enough to provide notice of what conduct would constitute a violation. State v. Ashcraft, 378 So.2d 284 (Fla.1979).
The judicial test of statutory vagueness is whether the language is specific enough to give persons of common intelligence and understanding adequate warning of the proscribed conduct. Sanicola v. State, 384 So.2d 152 (Fla.1980).
It is our obligation to find allegedly unconstitutionally vague statutes constitutional if application of ordinary logic and common understanding would so permit. State v. Little, 400 So.2d 197 (Fla. 5th DCA 1981).
Fundamental principles of statutory construction dictate that an enactment should be interpreted to render it constitutional if possible. State v. Keaton, 371 So.2d 86 (Fla.1979).
With the above constitutional maxims in mind, we find that a plain reading of the rule in question reveals that it sufficiently meets the test of constitutional validity to put a person on notice of what is prohibited. The rule prohibits a person from either possessing, or knowingly or negligently allowing, a dog in the management area, if the dog is customarily used for taking wildlife.
The issue of what type of dog is customarily used for taking wildlife presents an evidentiary question rather than a constitutional validity question.
Additionally, failure of the rule to specify what type of wildlife is protected does not render the statute vague. The rule is intended to protect wildlife found in a management area. If a statute or rule uses a word without defining it, then its common or ordinary meaning applies. State v. Little, supra. Webster’s New Collegiate Dictionary (1977) defines “wildlife” as “living things that are neither human nor domesticated” such as “mammals, birds, and fishes hunted by man.” A person of ordinary intelligence would understand what the rule is designed to protect without a listing of all types of wildlife in the management areas. The rule obviously prohibits hunting with dogs during all time periods without receiving the necessary permit or complying with the particular management area’s regulations.
The rule requires no guesswork on the part of dog owners visiting management areas. If the owner’s dog is one that is customarily used for hunting any type of wildlife, then the owner must receive a permit or comply with the management area’s regulations before possessing or allowing a dog onto a management area.
The order dismissing the petition is REVERSED.
BOOTH and JOANOS, JJ., concur.