390 So.2d 361 (1980)
Stephen GROFF, Petitioner,
v.
STATE of Florida, Respondent.
No. 79-1811.
District Court of Appeal of Florida, Second District.
July 2, 1980.
Rehearing Granted In Part, Denied In Part September 24, 1980.
Rehearing Denied November 19, 1980.
Thomas F. Granahan, P.A., Tampa, for petitioner.
E.J. Salcines, State's Atty., and John W. Jennings, Asst. State's Atty., Tampa, for respondent.
HOBSON, Acting Chief Judge.
Petitioner Stephen Groff, a psychiatrist, seeks certiorari to review a circuit court order which reverses a county court order granting petitioner's motion to dismiss the amended information. We grant certiorari and vacate the challenged order.
On May 5, 1978, the State filed an amended information charging petitioner with failure to report child abuse under Section 827.07(4), Florida Statutes (1977).[1] The information alleged that:
STEPHEN H. GROFF between March 1, 1977 and March 31, 1978 ... did unlawfully fail to report the abuse of LESLIE ANN HOOVER, a child, to the Department of Health and Rehabilitative Services, when the said STEPHEN GROFF had reason to believe that the said LESLIE ANN HOOVER was being abused... .
*362 In order to be valid, an information must allege each of the essential elements of a crime, and the offense charged must be described by such a statement of facts and circumstances as will inform the accused of the specific offense, coming under the general statutory description, with which he is charged. United States v. Slepicoff, 524 F.2d 1244 (5th Cir.1975); State v. Dye, 346 So.2d 538 (Fla. 1977).
In the instant case, the information is defective because its allegations do not show that Dr. Groff is subject to penalties under Chapter 827, Florida Statutes (1977).[2] Section 827.07(14), Florida Statutes, provides that the following persons may be found guilty of a second degree misdemeanor:
(a) Any person responsible for the care of a child who fails to report a case of known or suspected child abuse... .
(b) Any person who knowingly or wilfully prevents another person from making such report... .
The information in this case does not allege that Dr. Groff was responsible for the care of Leslie Ann Hoover or that he knowingly and wilfully prevented another person from making a report of child abuse. An essential element of the offense is therefore omitted, and such omission is fatal.
We find no merit in the other points raised by petitioner.
Accordingly, the petition for writ of certiorari is granted and the order of the circuit court is quashed.
GRIMES and OTT, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The State's motion for rehearing is granted to the extent that we now hold that Section 827.07(11), Florida Statutes (1975), contained a penalty provision which is applicable to the petitioner, Dr. Groff, as to any alleged failure to report child abuse which occurred prior to October 1, 1977, the effective date of Section 827.07(4)(a), Florida Statutes (1977).
In our initial opinion we held that the information filed against Dr. Groff did not sufficiently charge the crime of failure to report child abuse because the information failed to allege facts to show that Dr. Groff was subject to penalties under Section 827.07(14), Florida Statutes (1977). In its motion for rehearing the State points out that Dr. Groff was not charged under the 1977 statute, but under the 1975 child abuse statute, Section 827.07(4), Florida Statutes (1975), under which the applicable penalty section subjects to penalty "anyone knowingly and willfully violating the provisions of this section." § 827.07(11), Fla. Stat. (1975). We therefore agree that the information sufficiently alleged facts to show that Dr. Groff was subject to penalty for failure to report child abuse, as to any of the alleged conduct occurring before October 1, 1977. On that date, however, the 1977 penalty section of Chapter 827 became effective. Therefore, as to any alleged conduct occurring after the effective date of Section 827.07(14), Florida Statutes (1977), we adhere to the view expressed in our original opinion, that the information does not sufficiently allege facts to show that Dr. Groff was subject to penalty.
Accordingly, the order of the circuit court is affirmed in part and quashed in part, and the cause remanded for further proceedings consistent with this opinion. The motion for rehearing is otherwise denied.
HOBSON, Acting C.J., and GRIMES and OTT, JJ., concur.
NOTES
[1] 827.07(4) REPORTS OF ABUSE REQUIRED.

(a) Any person, including, but not limited to, any physician, nurse, teacher, social worker, or employee of a public or private facility serving children, who has reason to believe that a child has been subject to abuse shall report or cause reports to be made to the department... .
[2] There are no penalties set forth for failure to report child abuse under § 827.07(4). Chapter 827 was amended in 1979 to provide a penalty for circumstances such as exist in this case.