592 So.2d 292 (1991)
Kenneth Lynn CHERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01966.
District Court of Appeal of Florida, Second District.
December 18, 1991.
*293 James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
The defendant, Kenneth Lynn Cherry, challenges his convictions, after jury trial, and his sentences for one count of Racketeer Influenced and Corrupt Organization (RICO) Act, and thirteen counts of grand theft and organized fraud offenses. We find merit only in his argument that his convictions for certain organized fraud and grand theft offenses violate the double jeopardy clauses of the federal and state constitutions.
The evidence at trial disclosed that the defendant, acting as a licensed agent, submitted insurance applications to premium finance companies on behalf of an individual and some existent and nonexistent businesses. The defendant then obtained money when funds advanced to him were either partially or never forwarded to the insurance companies.
The court adjudicated the defendant guilty and sentenced him as follows:

 One Count of Racketeering 13 years' imprisonment,
 § 895.03(3), Fla. Stat. (1987) followed by 7 years'
 probation
 Six Counts of Second Degree Grand Theft 13 years' incarceration,
 § 812.014(2)(b), Fla. Stat. (1987) followed by 2 years'
 probation on each count,
 Two Counts of Third Degree Grand Theft 5 years' imprisonment
 § 812.014(2)(c), Fla. Stat. (1987) on each count
 Three Counts of Organized Fraud 13 years' incarceration,
 § 817.034(4)(a)1, Fla. Stat. (1987) followed by 7 years'
 probation on each count,
 concurrent with each
 other
 One Count of Organized Fraud 13 years' imprisonment,
 § 817.034(4)(a)2, Fla. Stat. (1987) followed by 2 years'
 probation
 One Count of Organized Fraud 5 years' imprisonment
 § 817.034(4)(a)3, Fla. Stat. (1987)

The court ordered all sentences to run concurrently.
We agree with the defendant's argument that his convictions for the five organized fraud and five grand theft counts that are based on common allegations violate his constitutional right not to be placed twice in jeopardy for the same offense. U.S. Const. art. V; Art. 1, § 9, Fla. Const. All the elements of the crime of theft are included within the offense of organized fraud. Consequently, for double jeopardy purposes, this effectively makes the two crimes the "same offense."
The legislature may create multiple offenses for crimes arising out of the same act or transaction. If in doing so, the statutes clearly provide for separate offenses, no double jeopardy question arises when a person is convicted of more than one of those offenses based on the same act. See, e.g., Carawan v. State, 515 So.2d 161 (Fla. 1987). However, if the statutes do not expressly proclaim an intent to create separate offenses, the "Rules of Construction" found in section 775.021, Florida Statutes *294 (1989), must be applied.[1] Section 775.021(4) provides:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
In applying subsection (4), "courts look only to the statutory elements of each offense and not to the actual evidence to be presented at trial or the facts as alleged in a particular information." State v. Carpenter, 417 So.2d 986, 988 (Fla. 1982). Accordingly, we must examine whether theft and organized fraud each contain an element the other does not.
The Fifth District has addressed this precise issue in Donovan v. State, 572 So.2d 522, 526 (Fla. 5th DCA 1990). There, the court held that all of the elements of theft are included in the elements of organized fraud and, therefore, one cannot be convicted of both based on the same act without a double jeopardy violation.
Here, it appears from the state's information that:
Count 3 Second Degree Grand Theft,
Count 5 Second Degree Grand Theft,
Count 7 Second Degree Grand Theft,
Count 11 Second Degree Grand Theft,
and
Count 12 Third Degree Grand Theft
are based on the same transactions that form the basis of the charges in:
Count 4 Third Degree Organized Fraud,
Count 6 First Degree Organized Fraud,
Count 8 First Degree Organized Fraud,
Count 13 Second Degree Organized
Fraud, and
Count 14 Third Degree Organized Fraud,
respectively.
Section 817.034(4)(a), Florida Statutes (1987), reads:
Any person who engages in a scheme to defraud and obtains property thereby is guilty of organized fraud... .
Section 817.034(3)(d) defines "scheme to defraud" as "a systematic, ongoing course of conduct with the intent to defraud one or more persons, or with the intent to obtain property from one or more persons by false or fraudulent pretenses, representations, or promises or willful misrepresentation of a future act." Id. Section 817.034(3)(c) defines "property" as "anything of value," and section 817.034(3)(b) defines "obtain" as to temporarily or permanently deprive "any person of the right to property or a benefit therefrom, or to appropriate the property to one's own use or to the use of any other person not entitled thereto." Id.
Thus, the elements of organized fraud are:
(1) engaging in a systematic, ongoing course of conduct
(2) with the intent to:
*295 (a) defraud, or
(b) obtain property from
(3) one or more persons,
(4) by false or fraudulent pretenses, representations, or promises, or willful misrepresentations of a future act,
(5) resulting in temporarily or permanently depriving any person of the right to property or a benefit therefrom, or appropriating the property to one's own use or to the use of another person not entitled thereto.
As to the elements of theft, section 812.014, Florida Statutes (1987), reads:
(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
Thus, the elements of theft are:
(1) knowingly and unlawfully
(2)(a) obtaining, or
(b) using, or
(c) endeavoring to obtain, or
(d) endeavoring to use
(3) property
(4) of the victim
(5) with intent to
(a) temporarily or
(b) permanently
(6)(a) deprive the victim of
(1) his right to the property, or
(2) any benefit from it, or
(b) to appropriate the property of the victim to
(1) his own use, or
(2) the use of any person not entitled to it.
We recognize that to charge a defendant with organized fraud, the state would have to allege there was a systematic ongoing course of conduct with the intent to defraud or take property. This is not an element contained in the grand theft statute. State v. Carpenter, 417 So.2d 986, 988 (Fla. 1982). However, every element of theft is included in the elements of organized fraud. The "endeavor to obtain or use" language in the theft statute is not a necessary element of theft, as a prima facie case may be set forth that alleges the defendant "obtained or used." And, since organized fraud under section 817.034(4)(a) would require the defendant "obtain[s] property," theft would necessarily be included in each organized fraud offense. It appears the legislature constructed organized fraud as an aggravated theft. This may explain why organized fraud is punishable more severely than felonies in the theft statute for property valued at the same amount.
Accordingly, we affirm the defendant's RICO conviction, his five convictions for organized fraud and his grand theft convictions in counts 2, 9 and 10. We vacate the lesser offenses of grand theft in counts 3, 5, 7, 11 and 12. State v. Barton, 523 So.2d 152 (Fla. 1988). We remand for resentencing on the RICO, organized fraud, and three remaining grand theft convictions.
FRANK and ALTENBERND, JJ., concur.
NOTES
[1] The 1989 version of section 775.021 was effective on July 1, 1988. Chapter 88-131, section 7, Laws of Florida. The defendant's crimes were committed both before and after this date. Regardless, the 1987 version of this statute also included the "Blockburger test", which is currently embodied in subsection (4). Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (single transaction may give rise to distinct offense under separate statutes without violating double jeopardy where each offense requires proof of a fact the other does not).