605 So.2d 100 (1992)
Florence WINOKUR and William Winokur, Appellants,
v.
STATE of Florida, Appellee.
No. 89-2225.
District Court of Appeal of Florida, Fourth District.
August 5, 1992.
Rehearing, Rehearing and Certification Denied October 21, 1992.
Benedict P. Kuehne and Jon A. Sale, Sonnett Sale & Kuehne, P.A., Miami, for appellant Florence Winokur.
William S. Isenberg, Latona & Isenberg, Fort Lauderdale, for appellant William Winokur.
Robert A. Butterworth, Atty. Gen., Tallahassee, Michael J. Neimand and Sylvia H. Alonso, Asst. Attys. Gen., West Palm Beach, for appellee.
Rehearing, Rehearing En Banc and Certification Denied October 21, 1992.
PER CURIAM.
Appellants, William and Florence Winokur, were two (2) of 142 defendants named in a 106 count criminal information alleging various crimes for their participation in a coupon fraud scheme. Appellants were convicted on several charges, including RICO, RICO conspiracy, organized fraud, and several counts of grand theft. Appellants present ten (10) points on appeal, six (6) of which we deem to be without merit. We address the remaining four (4) points, *101 and affirm appellants' convictions and sentences.
Testimony adduced at trial revealed that several United States Postal Inspectors infiltrated a coupon redemption "enterprise." The inspectors testified that the Winokurs were listed on corporate records for over fourteen (14) retail stores involved in the coupon redemption scheme. Several of the Winokurs' partners in the scheme testified to their participation in the misredemption of coupons. The group would purchase coupons by the pound, sort them, and mail them to various coupon clearinghouses or manufacturers for redemption. Several retail stores were created for the purpose of providing an address from which to redeem coupons. Coupon Clearinghouse questionnaires and state sales and use tax forms were falsified to create the illusion that these storefronts were profitable retail businesses. The total amount of the manufacturer's coupons redeemed by members of the enterprise was in excess of $2,000,000.00.
The Winokurs argue that because the information charging them with organized fraud (Count 3) encompassed a time frame during which the underlying statute was not in effect, their conviction for organized fraud is void. The information filed against the Winokurs charged them with organized fraud between January 15, 1983 and June 24, 1988; however, the organized fraud statute, section 817.036, was not in effect between October 1, 1987 and June 24, 1988. In the alternative, the Winokurs argue that their convictions for both organized fraud under section 817.036, and grand theft under section 812.014, are violative of the double jeopardy clause.
The information charging the Winokurs with having violated section 817.036 was defective, in that it included a nine (9) month period during which the statute was no longer in effect. However, the defect was a procedural one and did not deprive the court of subject matter jurisdiction. The information adequately charged a first degree felony pursuant to section 817.036 for the time period of January 15, 1983 to September 30, 1987. Appellants failed to preserve this procedural defect by way of a motion to dismiss in the trial court. Thus they are not allowed to "thwart the ends of justice by sitting on a technical defect which has occasioned [them] no prejudice." Asmer v. State, 416 So.2d 485, 487 (Fla. 4th DCA 1982). The Winokurs were not prejudiced by the fact that the information, alleging a time period in excess of four and one-half (4 1/2) years, included a nine (9) month period during which the pertinent statute was not in effect. The information was adequate to charge the Winokurs with having violated section 817.036 for conduct occurring prior to October 1, 1987, the date the statute was repealed. See Groff v. State, 390 So.2d 361 (Fla. 2d DCA 1980).
Nor do we agree with appellants' alternative argument that their grand theft convictions under section 812.014 and organized fraud convictions under section 817.036 violate double jeopardy. Gitman v. State, 482 So.2d 367 (Fla. 4th DCA 1985) is directly on point here. Appellants' reliance on Donovan v. State, 572 So.2d 522 (Fla. 5th DCA 1990), and Cherry v. State, 592 So.2d 292 (Fla. 2d DCA 1991), is misplaced, as both Donovan and Cherry concern section 817.034, Fla. Stat. (1987), the successor to section 817.036.
The Winokurs also argue that the trial court erred in failing to conduct a full, probing inquiry regarding the parties' understanding of the potential conflict arising from representation by one attorney. We note that "it is the trial court's duty to insure that the defendant fully understands the disabilities [a] conflict places on his defense and the adverse consequences that may result from such representation." DeArce v. State, 405 So.2d 283, 285 (Fla. 1st DCA 1981). The instant record demonstrates that on two occasions, after being questioned by the court, appellants informed the trial court that they desired to continue being represented by one attorney. The trial court informed the Winokurs that different evidence would be admissible against each of them; nonetheless, the Winokurs stated that they wanted one attorney. Under these circumstances, the *102 Winokurs effectively waived any conflict of interest issue.
Lastly we address Florence Winokur's argument that the state's plea bargain conditioning the acceptance of her plea upon that of her husband was a denial of due process. Because a defendant is not constitutionally entitled to a plea offer, no constitutional rights are connected to the plea bargaining process. See Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). As the Weatherford court noted, "[i]t is a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea of guilty." Weatherford, 97 S.Ct. at 846.
We affirm the Winokurs' convictions and sentences.
AFFIRMED.
DOWNEY and POLEN, JJ., and FEDER, RICHARD Y., Associate Judge, concur.