PER CURIAM.
Iisaman Flagg appeals from an order which summarily denied his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, he claimed he was denied effective assistance of counsel based on his counsel’s failure to investigate and pursue the defense of voluntary intoxication or diminished capacity. However, Flagg’s motion contained no factual allegations, and those allegations in his memorandum of law were not verified. As such, we affirm the trial court’s denial of his motion, without prejudice to Flagg’s right to file a timely and properly verified motion on this point. See Fla. R.Crim. P. 3.850; Fla. R.Crim. P. 3.987; Peavy v. State, 599 So.2d 234 (Fla. 1st DCA 1992). Flagg alternatively claimed he was denied effee- *1119 tive assistance based on his counsel’s failure to object to the state’s peremptory-challenge of a prospective juror on racial grounds. As this claim merely reargued the same challenge that was raised and rejected on Flagg’s prior direct appeal, we affirm with prejudice on this ground.
AFFIRMED.
POLEN, FARMER and GROSS, JJ., concur.