793 So.2d 149 (2001)
Ernest L. SAMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1445.
District Court of Appeal of Florida, Second District.
August 22, 2001.
STRINGER, Judge.
Ernest L. Sampson appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Sampson alleged his trial counsel was ineffective and stated five bases upon which he should be granted relief. We affirm the trial court's order as to all but one of the issues without comment. The remaining issue we affirm without prejudice to Sampson's right to file a facially sufficient claim.
The record indicates that Sampson was convicted of felony fleeing to elude, in violation of section 316.1935(2), Florida Statutes (1997), and was sentenced to twelve years in prison. He alleges that the information in his case was defective because it failed to allege each essential element of the crime with which he was charged, and that his counsel was ineffective for failing to file a motion to dismiss the defective information. If what Sampson alleges is true, this could constitute the first prong of an ineffective assistance of counsel claim. See Groff v. State, 390 So.2d 361 (Fla. 2d DCA 1980) (amended information was invalid because it failed to allege the essential elements of the offense).
Sampson alleged he was prejudiced because if his attorney had moved to dismiss the information, there is a reasonable *150 probability the outcome of his trial would have been different. However, Sampson failed to allege any circumstances which would have prevented the State from simply refiling an amended information which was sufficient. Because Sampson failed to allege a facially sufficient claim, we affirm the trial court's order without prejudice to Sampson's right to file a facially sufficient motion for postconviction relief. See Flagg v. State, 733 So.2d 1118 (Fla. 4th DCA 1999).
Affirmed.
FULMER, A.C.J., and GREEN, J., Concur.