ALTENBERND, Chief Judge.
Richard L. Lewis, Sr., was convicted of five counts of grand theft,[1] five counts of communication fraud,[2] and one count of scheming to defraud.[3] He argues that convicting and sentencing him on both the scheming to defraud and the grand theft charges constituted double jeopardy. See Kipping v. State, 702 So.2d 578 (Fla. 2d DCA 1997); Cherry v. State, 592 So.2d 292 (Fla. 2d DCA 1991). The State admits that the five grand theft charges formed the basis of the scheming to defraud charge and were incorporated into the allegations of that charge. We therefore vacate Mr. Lewis’s convictions and sentences for grand theft. We affirm the remaining convictions. Because Mr. Lewis has finished a two-year term of imprisonment for scheming to defraud, and our opinion does not alter the legal basis for his remaining sentences of probation, we do not require resentencing on remand. We also affirm his convictions and sentences of probation for communication fraud.
Affirmed in part and reversed in part.
SILBERMAN and KELLY, JJ., concur.

. See § 812.014(2)(c)(l), Fla. Stat. (1999).

. See § 817.034(4)(b)(l), Fla. Stat. (1999).

.See § 817.034(4)(a)(3), Fla. Stat. (1999).