Ralph MOORE, Petitioner-Appellant,

v.

Frank NEWELL, Sheriff,
Respondent-Appellee.

No. 75–2036.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 21, 1976.

Decided Feb. 4, 1977.

Ralph Moore, John L. Alley, Alley & Meldorf, Hixson, Tenn., for petitioner-appellant.

R. E. Ashley, Jr., Atty. Gen. of Tenn., Michael E. Terry, Nashville, Tenn., for respondent-appellee.

Before PHILLIPS, Chief Judge, and WEICK and PECK, Circuit Judges.

PER CURIAM.

Ralph Moore appeals from the denial of his petition for a writ of habeas corpus. The opinion of District Judge Robert L. Taylor is reported at 401 F.Supp. 1018 (E.D. Tenn.1975).

Moore was found guilty by a jury of violating T.C.A. § 39–4301, the Tennessee extortion statute, by trying to coerce a retail store to contribute to a charitable fund. There was evidence from which the jury could have concluded that he threatened to close the store if no donation was forthcoming and then picketed for the purpose of forcing a charitable contribution, or, in the alternative, of closing the store.

He was sentenced to imprisonment for not more than two years. The Court of Criminal Appeals of Tennessee affirmed the conviction by a divided vote, with Judge W. Wayne Oliver dissenting. *Moore v. State,* 519 S.W.2d 604 (Tenn.Crim.App.1974). Certiorari was denied by the Supreme Court of Tennessee on February 3, 1975. Reference is made to the reported decisions of the District Court and the Tennessee Court of Criminal Appeals for a recitation of the pertinent facts.

Two contentions are urged for reversal: (1) That the statute under which Moore was convicted is unconstitutional on its face because of overbreadth and vagueness; and (2) that the conviction is invalid under the freedom of speech provision of the first amendment, in that Moore was convicted for exercising his constitutional right to picket. We reject both contentions for the reasons stated in the opinion of District Judge Taylor. 401 F.Supp. 1018.

If this court had jurisdiction to review State court decisions, we would be inclined to reverse the conviction of Moore for the reasons stated in the dissenting opinion of Judge Oliver, 519 S.W.2d at 608. However "state courts are the ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691, 95 S.Ct. 1881, 1886, 44 L.Ed.2d 508 (1975). The courts of Tennessee have upheld the conviction of Moore, and we are bound by their interpretation of the extortion statute "except in extreme circumstances not present here." *Mullaney, supra,* at 691, 95 S.Ct. at 1886. *See also Albertson v. Millard,* 345 U.S. 242, 244, 73 S.Ct. 600, 97 L.Ed. 983 (1953). In this habeas corpus case it is not our function to review the decisions of the State courts of Tennessee on issues of interpretation of a State statute. The writ of habeas corpus can be issued only if Moore's conviction is contrary to the Constitution of the United States.

■ Picketing is not illegal when used to enlighten the public about a dispute or grievance with a business. It enjoys first amendment protection as a method of expression even though it may incidentally discourage customers from entering or patronizing a store or other business. As the Supreme Court said in *Thornhill v. Alabama,* 310 U.S. 88, 104, 60 S.Ct. 736, 745, 84 L.Ed. 1093 (1940):

> It may be that effective exercise of the means of advancing public knowledge may persuade some of those reached to refrain from entering into advantageous relations with the business establishment which is the scene of the dispute. Every expression of opinion on matters that are important has the potentiality of inducing action in the interests of one rather than another group in society. But the group in power at any moment may not impose penal sanctions on peaceful and truthful discussion of matters of public interest merely on a showing that others may thereby be persuaded to take action inconsistent with its interests.

*See also Organization for a Better Austin v. Keefe,* 402 U.S. 415, 419, 91 S.Ct. 1575, 29 L.Ed.2d 1 (1971).

■ However, the merchant whose store was picketed in the present case had a right

to refuse to make a charitable contribution without fear of coercive retribution by the solicitor, such as a concerted effort to close his store. Here the appellant went beyond his constitutional rights. After saying, "Well, I guess we'll have to close them up," Moore and others carried signs in front of the store stating:

> Boycott don't stop here. Red Food Store must support and donate every week a small minimal amount to our Free Day Care for Working Mothers program, a peoples survival program.

The Black Panther charities sponsored by Moore were for worthy objectives: a free breakfast program for school children, free clothing and food programs, sickle-cell anemia testing and a day care center for working mothers. No matter how worthy a charitable cause may be, however, we are not willing to hold that a disappointed solicitor has a constitutional right to threaten to close down the business of a merchant and to use picketing as an instrument to carry the threat into effect, for the purpose of coercing the merchant to make a contribution to charity. *Police Department of Chicago v. Mosley,* 408 U.S. 92, 99, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972). We have found no decision holding that charities and other fundraisers have a constitutional right to use such strong arm collection techniques.

Picketing as a form of expression is protected by the first amendment. *Police Department of Chicago v. Mosley, supra,* 408 U.S. 92, 99, 92 S.Ct. 2286, 33 L.Ed.2d 212; *Thornhill v. Alabama, supra,* 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093. However, its protection is not absolute or beyond the reach of reasonable statutory regulation. *Teamsters Union v. Vogt, Inc.,* 354 U.S. 284, 290, 77 S.Ct. 1166, 1 L.Ed.2d 1347 (1957); *Hughes v. Superior Court,* 339 U.S. 460, 70 S.Ct. 718, 94 L.Ed. 985 (1950); *Giboney v. Empire Storage & Ice Co.,* 336 U.S. 490, 69 S.Ct. 684, 93 L.Ed 834 (1949); *Carpenters Local 213 v. Ritter's Cafe,* 315 U.S. 722, 62 S.Ct. 807, 86 L.Ed. 1143 (1942); *Milk Wagon*

*Drivers Local 753 v. Meadowmoor Dairies,* 312 U.S. 287, 293, 61 S.Ct. 552, 85 L.Ed. 836 (1941); *Riverside Coal Co. v. United Mine Workers,* 410 F.2d 267 (6th Cir.), *cert. denied,* 396 U.S. 846, 90 S.Ct. 89, 24 L.Ed.2d 95 (1969). *See also United States v. Green,* 350 U.S. 415, 76 S.Ct. 522, 100 L.Ed. 494 (1956).

In *Cox v. Louisiana,* 379 U.S. 536, 555, 85 S.Ct. 453, 464, 13 L.Ed.2d 471 (1965), the Supreme Court said:

> We emphatically reject the notion urged by appellant that the First and Fourteenth Amendments afford the same kind of freedom to those who would communicate ideas by conduct such as patrolling, marching, and picketing on streets and highways, as these amendments afford to those who communicate ideas by pure speech.

Affirmed.