384 So.2d 1261 (1980)
Albert L. CARRICARTE, Appellant,
v.
The STATE of Florida, Appellee.
No. 55640.
Supreme Court of Florida.
June 5, 1980.
*1262 Stephen J. Kogan, Miami, for appellant.
Jim Smith, Atty. Gen., and Steven L. Bolotin, Asst. Atty. Gen., Miami, for appellee.
ADKINS, Justice.
The Circuit Court of the Eleventh Judicial Circuit in and for Dade County has upheld the constitutionality of sections 836.05 and 877.02, Fla. Stat. (1977). Jurisdiction vests in this Court by direct appeal pursuant to article V, section 3(b)(1), Florida Constitution (1972). The parties are referred to as they appeared in the trial court.
Acting in concert with the state attorney's office, a representative of the Cocoa Plum Development Company engaged the defendant, a resident of the development, in a recorded phone conversation. During that conversation the defendant made the following statement:
If you do not hire me as your lawyer and if you do not pay me a fee to be your lawyer, I will do a number of things to you, including attempting to stop your marina, go to the Miami Herald and see that articles against the project are printed and will organize and represent the people who live in the development against the construction of the marina.
The defendant was charged with felonious extortion and solicitation of legal business. §§ 836.05 and 877.02, Fla. Stat. (1977). Upon the trial court's denial of his motions challenging the statutes' constitutionality, the defendant pled nolo contendere, expressly reserving his right to appeal. The trial court withheld adjudication on both counts and placed the defendant on five years probation for the extortion with the special condition that he undergo regular psychiatric treatment and one year probation with a $1,000 fine for the solicitation. We affirm.
The defendant challenges both statutes on the grounds of vagueness and overbreadth. U.S.Const. Amends. I, V, XIV; art. I, § 9, Fla. Const. His standing to attack the facial validity of the statutes under the overbreadth doctrine rests upon his contention that these statutes impermissibly affect First Amendment rights. Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). It is not necessary for him to demonstrate that his own activity is constitutionally protected. Bigelow v. Virginia, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975).
Legislation may be overly broad if it is susceptible of application to conduct protected by the First Amendment. Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). Statutes which punish only the spoken word will withstand an overbreadth challenge only if they may be narrowly construed to delete application to protected speech. Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972). Since each of the statutes in this *1263 case proscribes purely verbal communication, we must determine whether and to what extent they apply to speech falling within the ambit of the First Amendment. Constitutional immunity from regulation does not necessarily extend to any and all utterances without reference to their effect or the context in which they appear. S.H.B. v. State, 355 So.2d 1176 (Fla. 1977).
The extortion statute prohibits only those utterances or communications which constitute malicious threats to do injury to another's person, reputation, or property. Furthermore, the threats must be made with the intent to extort money or the intent to compel another to act or refrain from acting against his will. § 836.05, Fla. Stat. (1977). See State v. McInnes, 153 So.2d 854 (Fla. 1st DCA 1963). These are significant limitations which direct the statutory prohibition to communications undeserving of First Amendment protection. The state's interest in shielding its citizens from these types of strong-arm tactics can only be designated as compelling. To hold otherwise would transform the First Amendment into an instrument of leverage for the influential. See Harris v. Beneficial Finance Co., 338 So.2d 196 (Fla. 1976).
In Matthews v. State, 363 So.2d 1066 (Fla. 1978), the defendant led other demonstrators in a chant which urged the assassination of the local sheriff. He was convicted of maliciously threatening injury to another's person in violation of this section. This Court affirmed the conviction in the face of challenges similar to those raised herein. The Court held that the district court had correctly found that Matthews' chanting constituted a real and substantial threat as opposed to mere political hyperbole. Watts v. United States, 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969); see State v. McInnes. Carricarte attempts to distinguish Matthews by arguing that there the threat was to do an illegal act, i.e., murder, whereas here the defendant threatened to take legal steps, e.g., give statements to the press and organize or represent parties in legal actions. This argument fails to recognize the additional elements of malice and intent required to convict under the statute. In Moore v. Newell, 401 F. Supp. 1018 (E.D.Tenn. 1975), aff'd 548 F.2d 671 (6th Cir.1977), the defendant, a Black Panther leader, sought contributions for various charities in the black community from the manager of a supermarket in a predominantly black neighborhood. When the manager refused, the defendant and others picketed the store for several hours without violence or actually blocking the entrance. Moore was convicted under the Tennessee extortion statute which closely resembles our own. See § 39-4301, Tenn. Code Annot. (1973). The federal district court noted that the defendant was not convicted for engaging in the constitutionally protected activity of picketing "but for threatening to picket for the purpose of extorting a payment." 401 F. Supp. at 1021. In affirming, the Sixth Circuit reiterated that the worthiness of the charitable cause in no way justified the use of picketing to coerce a contribution from an unwilling merchant. 548 F.2d at 673. In the same vein, we cannot sanction the use of threats to take legal action where those threats are made maliciously and with the intent to acquire pecuniary gain.
Defendant's contention that the extortion statute is impermissibly vague by virtue of the term "malicious" is without merit. This Court has repeatedly upheld the terms "malice" and "malicious" against a vagueness challenge. See, e.g., State v. Gaylord, 356 So.2d 313 (Fla. 1978); Faust v. State, 354 So.2d 866 (Fla. 1978); Jordan v. State, 334 So.2d 589 (Fla. 1976). Just as the elements of malice and intent prevent overbroad application of the statute, they lend sufficient clarity to provide adequate notice of the proscribed activity to persons of ordinary intelligence and understanding. We hold that section 836.05, Florida Statutes (1977), is constitutional.
The lawyer anti-solicitation statute was upheld in State ex rel. Farber v. Williams, 183 So.2d 537 (Fla. 1966), and more recently in Pace v. State, 368 So.2d 340 (Fla. 1979). In Pace this Court analyzed the statute in light of pertinent intervening *1264 decisions of the United States Supreme Court. See Ohralick v. Ohio State Bar Association, 436 U.S. 447, 98 S.Ct. 1912, 56 L.Ed.2d 444 (1978); In re Primus, 436 U.S. 412, 98 S.Ct. 1893, 56 L.Ed.2d 417 (1978); and Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). There have been no subsequent decisions to persuade us to revisit Pace. Indeed, we specifically refrained from condoning direct personal solicitation in our authorization of certain forms of advertising. The Florida Bar Re: Amendment to The Florida Bar Code of Professional Responsibility, 380 So.2d 435 (Fla. 1980).
The order of the trial court is affirmed.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.