447 So.2d 1029 (1984)
Andres ALONSO, Appellant,
v.
STATE of Florida, Appellee.
No. 83-435.
District Court of Appeal of Florida, Fourth District.
April 4, 1984.
*1030 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Bruce M. Lee, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Andres Alonso appeals his conviction for extortion. He contends that the trial court gave an incorrect instruction on "malice" and that the intention to extort money was not proved. The latter point is totally lacking in merit. The former issue, while more persuasive, is also lacking in merit.
Appellant was charged under Section 836.05, Florida Statutes (1981), which requires a showing of a threat made maliciously and accompanied by a demand for money or other pecuniary advantage. At trial it was argued by appellant that an instruction to the jury on malice should be based upon the standard jury instruction defining the crime of shooting or throwing missiles into a dwelling. That instruction includes the requirement that the state show the defendant acted "with the knowledge that injury or damage will or may be caused to another person or the property of another person." Such an instruction would have been inappropriate here because of its potential for confusing the jury. The extortionist must intend to damage the victim by coercing him to take some action, such as the payment of money, against his will. There is no requirement, however, that the extortionist intend (or even have the ability) to carry out his threat. Suppose the extortionist at one time possessed photographs showing a public figure in a compromising situation. He writes a letter threatening exposure unless an amount of money is paid. The photographs are lost in a fire. The injury actually caused the victim by the extortionist is the extraction of an amount of money. It is no longer possible for him to injure or damage the reputation of the victim by publishing the photographs. Under the requested instruction the jury might be led to suppose that since the threat was impossible of fulfillment there could realistically be no malicious intent to injure or damage the victim. That would be an appropriate exercise of reasoning under the instruction requested. It is an inappropriate interpretation of the law. Thus the proffered instruction was properly rejected by the trial court.
Further, the extortionist need not hate his victim. That kind of malice is not contemplated by the crime of extortion. The basic statutory ingredients are a threat made maliciously with the intent to require another to perform an act against his will. The malice requirement is satisfied if the threat is made "willfully and purposely to the prejudice and injury of another,... ." Black's Law Dictionary, 4th Ed.
The extortion statute prohibits only those utterances or communications which constitute malicious threats to do injury to another's person, reputation, or property. Furthermore, the threats must be made with the intent to extort money or the intent to compel another to act or refrain from acting against his will.
Carricarte v. State, 384 So.2d 1261 (Fla. 1980). A threat is malicious if it is made intentionally and without any lawful justification. Coupled with the requisite intent it constitutes the crime of extortion. The trial court's instructions conveyed these requirements to the jury in appropriate instructions.
Finding no error, we affirm.
AFFIRMED.
ANSTEAD, C.J., and LETTS, J., concur.