466 So.2d 1149 (1985)
Patricia G. BERGER, Appellant,
v.
William V. BERGER, Appellee.
No. 83-2664.
District Court of Appeal of Florida, Fourth District.
March 27, 1985.
Rehearing Denied April 30, 1985.
*1150 Edna L. Caruso, P.A., West Palm Beach, and Andrew Siegel, Plantation, for appellant.
Hugh T. Maloney and James E. Zloch of Patterson & Maloney, Fort Lauderdale, for appellee.
LETTS, Judge.
The issue here is whether a property settlement agreement was voluntarily entered into or whether it was procured by coercion and duress. The trial court found that it was the former. We disagree and reverse.
There can be no doubt that the wife signed the property settlement agreement without having an actual gun at her head. Equally without question is the fact that she did have independent legal advice and that both her lawyer and a friend cautioned her not to sign it. Nonetheless, she did so. All this being so, at first blush, it would appear she not only signed the agreement voluntarily and with full disclosure, but indeed insisted on signing it. However, the coercion and duress aspect inescapably arises because the husband admittedly insisted that she sign it or he would turn her and her partners in to the Internal Revenue Service. Apparently, the wife had been failing to report substantial cash receipts from the operation of her beauty salon business. Her unrebutted testimony is that fear of the I.R.S. is the only reason that she signed it.
The husband argues that the only reason that he made these threats was to make sure that the wife would not try to hide the level of her income in the divorce proceedings in order to secure more alimony. We have a certain amount of sympathy for that position, but the fact remains he committed the crime of extortion under Section 836.05, Florida Statutes (1983), which specifically deems it a second degree felony to threaten to expose another for *1151 the commission of any crime or offense for one's own pecuniary advantage. There can be no doubt that this statute covers the kind of situation before us. See State v. McInnes, 153 So.2d 854 (Fla. 1st DCA 1963), where the statute was specifically found to cover a threat to turn one in to the I.R.S. In our view, the completed crime of extortion must inevitably involve coercion and duress.
We certainly agree that the husband had a legal right to actually turn her in to the I.R.S. and that a claim of coercion cannot be predicated on a threat to do an act which the person has a lawful right to do. However as we have already discussed above, the husband does not have the right to threaten to do it for his own pecuniary advantage. See Paris v. Paris, 412 So.2d 952 (Fla. 1st DCA 1982).
Any lingering doubt as to whether she would have signed the agreement without the threats, are laid to rest not only by her own unrebutted testimony, but also by the fact that the property settlement agreement gave her nothing. Under its terms, she gave up her interest in the marital residence, a truck, furnishings, cash and coins, and even primary residential custody of their two minor children, aged 8 and 6. All she got out of the property settlement agreement was a van with a four thousand dollar equity and the sole right to the beauty salon, a business with no appreciable capital assets, dependent for its very existence upon the efforts of the wife as a working beautician.
The record suggests that the husband would not in fact have turned her in to the I.R.S., and that she knew this perfectly well, because he was not only a part owner of the business, but was aware that cash was being taken out of it and was even preparing the tax returns which he knew to be false. Nevertheless, there are countless domestic cases where one spouse or the other will self-destruct rather than pay alimony or child support.
There is clear and convincing evidence that the wife signed this agreement solely because of her husband's threat to turn her and her partners in to the I.R.S. and we find no other evidence in the record which would permit the trial judge to conclude that the wife voluntarily entered into the agreement. He, therefore, abused his discretion and we reverse and remand this case for further proceedings.
In conclusion, we note the trial judge's finding, independent of the property settlement agreement, that both parties were fit and proper custodial parents, but that the father was the superior parent and should be the one to have primary "physical residency." We do not preclude the possibility that he will do so again upon remand. It seems clear, however, that his judgment was based primarily upon the property settlement agreement which granted unto the husband the primary physical residential custody. As a consequence, it would seem only appropriate that the trial judge revisit this matter along with all the other property and support matters. To insure that the best interests of the children are given due consideration, we urge the trial court on remand to appoint for the children a guardian ad litem who has been trained pursuant to the guardian ad litem program promulgated by the Office of the State Courts Administrator.
REVERSED AND REMANDED.
GLICKSTEIN and DELL, JJ., concur.
BY ORDER OF THE COURT:
ORDERED that Appellee's April 4, 1986 Motion for Rehearing and Clarification is denied.
ORDERED that Appellant's April 2, 1986 Motion for Clarification as to Attorney's Fee Award in the Trial Court is granted. The award of attorney's fees to the husband was improper and we reverse it.