HALL, Judge.
The appellant, Nathaniel A. Dudley, challenges his convictions for extortion and making a written threat to kill or do bodily injury. He contends that his convictions for both crimes constitute a violation of double jeopardy pursuant to Cherry v. State, 592 So.2d 292 (Fla. 2d DCA 1991). We agree with Dudley and remand for resentencing.
In October 1991, the sheriff of Highlands County received a letter, which contained threats to kill or do bodily injury to either him and/or his family unless he released certain prisoners from the Highlands County Jail. When a police investigation revealed that Dudley had written the letter, he was charged with making a written threat to kill or do bodily injury in violation of section 836.10, Florida Statutes (1991), count one; and extortion in violation of section 836.05, count two. Thereafter, the state filed notice of its intention to have Dudley sentenced as a habitual offender. The case then proceeded to a jury trial, upon which Dudley was found guilty as charged. After Dudley’s motion for new trial was denied, Dudley was sentenced as a habitual offender to thirty years’ imprisonment on count one, and thirty consecutive years of imprisonment on count two. Dudley filed a timely notice of appeal.
On appeal, Dudley argues that all of the elements of making a written threat to kill or do bodily injury are subsumed within the *1094 offense of extortion. For that reason, he contends he was improperly convicted and sentenced for both crimes in violation of Cherry.
To prove extortion in a case such as this, it is incumbent upon the prosecution to show that there was a malicious threat of injury against a person, which was communicated in writing for the purpose of compelling that person to commit an act or to refrain from acting against his will. Section 836.05, Fla.Stat. Malice is an essential element of the crime. Chestnut v. State, 516 So.2d 1144 (Fla. 5th DCA 1987). A threat is malicious if it is made intentionally and without any lawful justification. Alonso v. State, 447 So.2d 1029 (Fla. 4th DCA 1984). Neither the actual intent to do harm nor the ability to carry out the threat is essential to prove that extortion occurred. Smith v. State, 532 So.2d 50 (Fla. 2d DCA 1988); Alonso v. State. Further, in establishing extortion, it is sufficient that the threat of injury was against a person other than the person actually threatened. State v. McInnes, 153 So.2d 854 (Fla. 1st DCA 1963).
To prove that an accused committed the offense of making a written threat to kill or do bodily injury, the prosecution must show that there was a written threat to do such, that such threat — i.e., letter or inscribed communication — was actually sent, and that the threat of injury or death was either against the person actually threatened or a member of the threatened person’s family. Section 836.10. As with extortion, neither the actual intent to do harm nor the ability to carry out the threat, is an essential element of the crime. Smith v. State.
Pursuant to section 775.021(4)(a), “offenses are separate if each offense requires proof of an element that the other does not.” See also Cherry v. State. In the instant case, though the crime of extortion requires a showing of malice, the elements of proof required for both extortion and making a written threat to kill or do bodily injury are, otherwise, the same. Cf. Smith v. State (wherein this court noted that the crime of making a written threat to kill or do bodily injury is an offense which involves or resembles extortion). For that reason, we must conclude that the elements of making a written threat under section 836.10 are subsumed within the offense of extortion. That being the case, Dudley’s convictions for both offenses in the instant case, indeed, constitute a violation of double jeopardy pursuant to Cherry v. State.
Accordingly, this cause is remanded for resentencing.
FRANK, C.J., and RYDER, J., concur.