PER CURIAM.
This is an appeal by the defendant James Cummings from a judgment of conviction and sentence for attempted possession of a short-barreled shotgun [§§ 777.04(1), 790.-221, Fla.Stat. (1991)]. We affirm.
The evidence adduced at trial established that the defendant was found by police at 1:00 A.M., lying on the ground attempting to hide behind a nearby coral rock wall with a short-barreled, fully loaded shotgun also lying on the ground six inches from the defendant within his easy grasp; this evidence clearly establishes that the defendant was in constructive possession of the shotgun. The defendant was charged by the information with possession of a short-barreled shotgun, but made no objection to a jury charge on the alleged lesser offense of attempted possession of a short-barreled shotgun, but cf. Fla.R.Crim.P. 3.510 (“The judge shall not instruct the jury [on an attempt to commit the charged offense] if there is no evidence to support the attempt and the only evidence proves a completed of-fense_”); the jury convicted the defendant on the alleged lesser offense. Because the state’s evidence was clearly sufficient to convict the defendant on the charge of possession of a short-barreled shotgun, a fortio-ri, it also was sufficient, given the defendant’s waiver of any objection to the attempt instruction, to convict the defendant on attempted possession of a short-barreled shotgun. Accordingly, we reject the defendant’s central point on appeal that the trial court erred in denying his motion for a judgment of acquittal at trial. Spinkellink v. State, 313 So.2d 666, 670 (Fla.1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976); Wilcox v. State, 522 So.2d 1062 (Fla. 3d DCA 1988).
We further reject the defendant’s point on appeal that the trial court erred in denying his proposed requested jury instruction. The proposed instruction stated in part that knowledge of the presence of the short-barreled shotgun “may not be inferred by the defendant’s close proximity to the firearm”; this statement of law is misleading because, in some circumstances, a defendant’s proximity to a shotgun may very well prove that the defendant knew that the gun in question was a short-barreled shotgun, as where the gun appears directly in front of the defendant within his/her direct sight and ready access. A trial court does not commit reversible error when, as here, it denies a requested jury instruction which is misleading either in whole or in part. See Alonso v. State, 447 So.2d 1029 (Fla. 4th DCA 1984); Garmise v. State, 311 So.2d 747, 749 (Fla. 3d DCA 1975), dismissed, 328 So.2d 841 (Fla.), cert. denied, 429 U.S. 998, 97 S.Ct. 524, 50 L.Ed.2d 608 (1976).
Affirmed.