970 So.2d 903 (2007)
Waynard DUAN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-0132.
District Court of Appeal of Florida, First District.
December 26, 2007.
*904 Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Donna A. Gerace and Giselle Lylen Rivera, Assistant Attorneys General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Waynard Duan argues that his jury conviction for extortion, pursuant to section 836.05, Florida Statutes (2006), should be reversed because the statute does not apply to conduct which injures only the victim's mental well being. We hold that the trial court did not err by denying the appellant's motion for acquittal and instructing the jury that "[a] threat to a person's mental well-being can constitute a threat of injury to a person within the meaning of extortion. An injury to a person is not required to be a physical injury."

I. BACKGROUND
Mrs. Bailey testified she first met appellant in December 2005, through a mutual friend, Troy Kelley. The three worked together for America Online and became friends, meeting socially after work or on the weekends. After several months, Mrs. Bailey confided in appellant and Mr. Kelley that her husband, Robert Bailey, was physically abusive; Mrs. Bailey testified she remembered telling appellant and Mr. Kelley details of the abuse, and that she was scared of her husband. In February 2006, Robert Bailey was arrested on domestic violence charges. His trial was scheduled for May 30, 2006. Appellant and Mr. Kelley were subpoenaed as witnesses.
Subsequently, in March 2006, Mrs. Bailey explained she and Mr. Kelley had a "falling out." She testified Mr. Kelley confessed he had feelings for her, and told her he wanted to be more than friends; she refused. Their conversation escalated into a heated argument, and ultimately she demanded he leave. Mrs. Bailey testified that after their argument things between them remained tense. She no longer socialized with either Mr. Kelley or the appellant.
A week before her husband's trial, Mrs. Bailey received a phone call at home, just before midnight. She recognized appellant's *905 voice as the caller. Appellant told her he knew of several witnesses subpoenaed to testify at the trial, and that he would make sure her husband was acquitted unless she agreed to pay him $2,500. The two arranged to meet in the early morning hours of May 24, 2006, in the parking lot of a grocery store in Duval County. Mrs. Bailey recorded the meeting, which was played for the jury. On the tape, appellant reasserted his threat to make sure Robert Bailey got out of jail; he stated that if Mrs. Bailey did not pay him the $2,500, he and the other witnesses would "walk in there and say we don't know anything." Mrs. Bailey is also heard on the tape, pleading with appellant: "It's not what I want. It's what's right. Plain and simple. It's what's right. He abused me for four . . . years. I cried on my way home every day wondering if he was going to beat me again. It's not what I want. It's what's right."
At the end of their meeting, Mrs. Bailey told appellant she needed a few days to think about his offer. Later that day, Mrs. Bailey met with the Assistant State Attorney and Officer Brian Welch, and turned over the recorded conversation. The State subsequently filed the charges for extortion.
At the conclusion of the State's case, appellant moved for a judgment of acquittal, arguing the State failed to prove each element of extortion. Specifically, he asserted there was no evidence he physically threatened the victim, that he implied harm to her property, or otherwise that he threatened to reveal a secret or damage her reputation; rather, the evidence only showed the victim suffered a mental injury, or an injury to her emotional well-being. Appellant argued the victim's mental injury was insufficient to meet the elements of extortion, set forth in section 836.05, Florida Statutes.
In response, the State conceded that there was no evidence appellant threatened to reveal a secret about the victim, nor was there evidence appellant threatened to reveal information which would damage the victim's reputation. Similarly, the State conceded there was no evidence that appellant threatened injury to Ms. Bailey's property. Finally, and significantly, the State conceded there was no evidence that appellant threatened physical injury. The State argued, however, that the case law supports the conclusion that the crime of extortion encompasses threats which cause the victim mental or emotional injury. Ultimately, the trial judge agreed, and denied appellant's motion.
During the conference on jury instructions, appellant renewed his objection to the court's earlier ruling that "injury to the person," as that phrase is used in the extortion statute, does not contemplate a mental injury. The trial court denied appellant's objection. Accordingly, the jury was instructed as follows:
Waynard Yinn Duan, the defendant in this case, has been accused of the crime of extortion. To prove the crime of extortion, the State must prove the following four elements beyond a reasonable doubt: (1) Waynard Yinn Duan made a verbal communication to Daina Marie Bailey; (2) by such communication Waynard Yinn Duan unlawfully threatened an injury to the person of Daina Marie Bailey; (3) the threat was made maliciously; (4) the threat was made with the intent to extort money or any pecuniary advantage.
A threat to a person's mental well-being can constitute a threat of injury to a person within the meaning of extortion. An injury to a person is not required to be a physical injury.
The jury returned a verdict finding appellant guilty of extortion as charged in the *906 information. He was sentenced to one year in prison. Appellant presently appeals his judgment and sentence.

II. ANALYSIS
In this appeal, appellant asserts the trial court erred in denying his motion for judgment of acquittal, because section 836.05, Florida Statutes, does not include threats of injury to the victim's mental or emotional well being for the purpose of extorting money or other pecuniary gain. Section 836.05, Florida Statutes, provides:
Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his or her will, shall be guilty of a felony of the second degree.
§ 836.05, Fla. Stat. (2006) (emphasis added).
Accordingly, to prove extortion, "it is incumbent upon the prosecution to show that there was a malicious threat of injury against a person, which was communicated . . . for the purpose of compelling that person to commit an act or to refrain from acting against his will." Dudley v. State, 634 So.2d 1093, 1094 (Fla. 2d DCA 1994). "Neither the actual intent to do harm nor the ability to carry out the threat is essential to prove that extortion occurred." Id.
Moreover, while generally a claim of extortion cannot be predicated on a threat to do an act which a person has a lawful right to do, one may not threaten to undertake an otherwise legal act to his own pecuniary advantage. See Berger v. Berger, 466 So.2d 1149 (Fla. 4th DCA 1985). Thus, in this case, to the extent appellant had a legal right, and indeed an obligation, to testify at Robert Bailey's trial, he may not threaten to testify falsely in order to extort money from the victim, Mrs. Bailey.
On appeal, the State presented two theories which, it contends, support the jury's verdict. First, it argues there is evidence, construed in a light most favorable to the State, that appellant threatened physical injury to Mrs. Bailey. Indeed, there is an argument that appellant knew Robert Bailey's history of physical abuse, and that his threat to ensure Mr. Bailey's release from prison could cause Mrs. Bailey physical injury. Nonetheless, in the hearing on the motion for judgment of acquittal, the State conceded appellant did not threaten physical injury, and thus waived the right to raise it on appeal. Moreover, the jury was instructed that "injury to the person" includes physical and mental injury, and it is impossible to tell from the verdict form on which theory the jury relied in convicting appellant. Second, the State asserts the trial court properly construed section 836.05 to include injury to the victim's mental or emotional well being. This second argument has merit.
Appellant contends this court is obligated, pursuant to section 775.021, Florida Statutes, to strictly construe section 836.05 in his favor. Section 775.021(1) requires that the provisions of the criminal code "be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused." § 775.021(1), Fla. Stat. (2006). *907 Thus, appellant contends, the trial court should have ruled that section 836.05 only contemplates a physical injury, and does not include injuries to the victim's mental or emotional well being. Still, Florida courts have consistently held that, while criminal statutes must be strictly construed, "they are not to be construed so strictly as to emasculate the statute and defeat the obvious intention of the legislature. In other words, such strict construction is subordinate to the rule that the intention of the lawmakers must be given effect." State ex rel. Washington v. Rivkind, 350 So.2d 575, 577 (Fla. 3d DCA 1977).
Within section 836.05, there is evidence the Legislature intended the crime of extortion to encompass threats to mental or emotional well being. In particular, the statute expressly prohibits threats to divulge information which would damage the victim's reputation, or which would expose the victim to disgrace, as well as threats to reveal private secrets. These types of threats, carried out, could certainly cause the victim mental or emotional stress. As the State asserts, their inclusion suggests the Legislature intended to criminalize conduct or threats of psychological injury for the purpose of securing money or other pecuniary gain. As further evidence of the Legislature's intent, the phrase "injury to the person" is not further modified as a "bodily injury" or "physical injury" to the person, and thus includes both physical and mental injuries.
It appears this is a case of first impression in Florida. Accordingly, no Florida court has ruled that section 836.05 excludes threats which cause the victim only a mental or emotional injury. This issue has been considered in other jurisdictions, with mixed results. In State v. Simmons, 114 R.I. 16, 327 A.2d 843 (1974), the Supreme Court of Rhode Island ruled that Rhode Island's extortion statute, which makes it a crime to maliciously threaten an injury to the person of another, contemplates only the "peril of actual bodily harm." Id. at 845. The court held the statute "does not include danger to reputation alone." Id. However, Simmons is distinguishable from the instant case, namely because Florida's extortion statute expressly includes threats to the victim's reputation.
In contrast, several other jurisdictions have ruled that extortion statutes do encompass psychological injury. It appears the most recent case to reach the issue is State v. Galusha, 164 Vt. 91, 665 A.2d 595 (1995). In that case, the Vermont Supreme Court reversed a trial court order dismissing extortion charges against the defendant, Harold Galusha, on grounds that the defendant did not threaten to physically injure his victim. As in Simmons, the court was asked to decide whether Vermont's extortion statute, and the phrase "injury to the person," includes injury other than physical harm. Id. at 596. The supreme court noted it was constrained by the maxim that penal statutes should be construed in a manner most favorable to the accused. Id. Nonetheless, the court held,
[T]he legislative intent in enacting extortion statutes is to prevent the use of fear (a mental state) to compel a victim to submit to the extortionist's will. . . . If the legislature had intended "injury to the person" to mean only bodily injury, it would have used the term bodily or physical injury.
Id. at 597; see also Commonwealth v. Miller, 385 Mass. 521, 432 N.E.2d 463, 467 (1982) (holding that where the defendant threatened to reveal his sexual relationship with the victim to her parents, and to disclose revealing photos of the victim, "the victim would have suffered a blow to *908 her reputation of such magnitude as to cause her severe mental anguish which would constitute injury to the person. . . . Simply stated, an injury to a person's reputation is an injury to the person.").

Conclusion
Therefore, we hold that Florida's extortion statute, section 836.05, does encompass injuries, such as the one in this case, where appellant threatened the victim and caused her emotional distress. As in Galusha, appellant used Mrs. Bailey's fear of her husband and his continued abuse to compel her to pay appellant $2,500. No Florida case suggests that this conduct is not included under section 836.05. Rather, the language of the statute itself suggests that threats to cause mental or psychological injuries are generally prohibited under the statute.
AFFIRMED.
WEBSTER, PADOVANO, and POLSTON, JJ., concur.