# Third District Court of Appeal

## State of Florida

Opinion filed June 30, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1982
Lower Tribunal No. F15-16354
_____

**Kevin F. Tomlinson,**
Appellant/Cross-Appellee,

vs.

**The State of Florida,**
Appellee/Cross-Appellant.



An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Law Offices of John E. Bergendahl, and John E. Bergendahl, for appellant/cross-appellee.

Ashley Moody, Attorney General, and Brian H. Zack, Assistant Attorney General, for appellee/cross-appellant.


Before FERNANDEZ, LINDSEY and GORDO, JJ.

GORDO, J.

Kevin Tomlinson appeals his conviction and sentence for extortion and the State of Florida cross-appeals the imposition of a downward departure sentence. We affirm the judgment and sentence in all respects and write solely to address Tomlinson's argument that the trial court committed fundamental error in instructing the jury that the elements of extortion required legal malice rather than actual malice.

## FACTS AND PROCEDURAL HISTORY

In August 2015, Kevin Tomlinson was arrested and charged with two counts of extorting fellow real estate brokers, Jill Hertzberg and Jill Eber ("the Jills"). The criminal case arose after Tomlinson allegedly discovered that the Jills were manipulating data in a shared listing service and filed a complaint against the Jills with the Miami Association of Realtors ("MAR"). Tomlinson later attempted to extort the Jills by threatening to ruin their careers and to file a class action against their brokerage firm unless they paid him upwards of $500,000.00. Between July 15, 2015, and August 7, 2015, Tomlinson made repeated demands for payment and requested an increased sum of $800,000.00 to make the MAR complaint "go away." Following a controlled call and in-person communications captured via police surveillance, Tomlinson was arrested and charged. At trial, the jury was instructed on the elements of extortion and furnished the definition of legal malice. Tomlinson

2

was found guilty on both counts of extortion and received a downward departure sentence.

## LEGAL ANALYSIS

Tomlinson contends the trial court committed fundamental error by denying the defense request to instruct the jury that actual malice was an element of extortion under section 836.05, Florida Statutes (2020).

Section 836.05 provides:

> Whoever, either verbally or by a written or printed communication, . . . maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another . . . with intent thereby to extort money or any pecuniary advantage whatsoever . . . shall be guilty of a felony of the second degree . . . .

Although malice is an essential element of the crime, the statute does not define the term.

> In law the term *malice* and its adverbial form *maliciously* have two meanings: "legal malice" (also known as "malice in law"), and "actual malice" (also known as "malice in fact"). <u>Reed v. State</u>, 837 So. 2d 366, 368 (Fla. 2002). Legal malice means "wrongfully, intentionally, without legal justification or excuse," while actual malice means "ill will, hatred, spite, an evil intent." <u>Id.</u>

<u>Seese v. State</u>, 955 So. 2d 1145, 1149 (Fla. 4th DCA 2007). Florida courts have long adopted the legal malice definition in extortion cases, reasoning:

> [Actual] malice is not contemplated by the crime of extortion. The basic statutory ingredients are a threat made maliciously with the intent to require another to perform an act against his will. The malice requirement is satisfied if the threat is made "willfully and purposely to the prejudice and injury of another, . . . ."

Alonso v. State, 447 So. 2d 1029, 1030 (Fla. 4th DCA 1984) (citing Black's Law Dictionary, 4th Ed.); see also Dudley v. State, 634 So. 2d 1093, 1094 (Fla. 2d DCA 1994).

In 2013, however, the Fifth District reluctantly[1] created a conflict with Alonso and Dudley, holding that "[i]t is fundamental error to use the definition of legal malice when that of actual malice is appropriate because it reduces the State's burden on an essential element of the offense charged." Calamia v. State, 125 So. 3d 1007, 1011 (Fla. 5th DCA 2013). The court certified a question of great public importance to the Florida Supreme Court, reading: "IS THE STATE REQUIRED TO PROVE ACTUAL MALICE TO SUSTAIN A CONVICTION FOR THE CRIME OF EXTORTION UNDER SECTION 836.05, FLORIDA STATUTES?" Id.

---

[1] "Although we think that the Fourth District's analysis in Alonso is correct and legal malice is the more appropriate definition, we are compelled to follow the supreme court's directive in Carricarte. Therefore, we hold actual malice is the correct standard for extortion and certify conflict with Alonso and Dudley." Calamia v. State, 125 So. 3d 1007, 1010 (Fla. 5th DCA 2013).

The Florida Supreme Court declined to exercise its discretionary jurisdiction to review the case either as an express and direct conflict of decisions or as a certified question of great public importance. As such, the conflict remains unresolved. In 2014, the Florida Supreme Court Standard Jury Instruction Committee amended Florida Standard Jury Instruction 8.23 for "Extortion" to provide alternative definitions for the term, recognizing:

> The appellate courts are in conflict as to whether the extortion statute requires actual malice or legal malice. In the absence of clarification from the legislature or the Florida Supreme Court, trial judges must choose one of the following:
>
> Dudley v. State, 634 So. 2d 1093 (Fla. 2d DCA 1994); Alonso v. State, 447 So. 2d 1029 (Fla. 4th DCA 1984).
>
> "Maliciously" means intentionally and without any lawful justification.
>
> Calamia v. State,125 So. 3d 1007 (Fla. 5th DCA 2013).
>
> "Maliciously" means with ill will, hatred, spite, or an evil intent.

We conclude that the trial court did not commit fundamental error by instructing the jury on legal malice and, in fact, find that legal malice is the more appropriate standard to be applied in extortion cases. As explained by the Florida Supreme Court: "The extortion statute prohibits . . . utterances or communications which constitute malicious threats to do injury to another's

5

person, reputation, or property. Furthermore, the threats must be made with the intent to extort money or the intent to compel another to act or refrain from acting against his will." Carricarte v. State, 384 So. 2d 1261, 1263 (Fla. 1980) (citations omitted). The conduct that the statute criminalizes is a malicious threat with the intent "to extort money or any pecuniary advantage" or to compel the person to do an act against his or her will. § 836.05, Fla. Stat. "[T]he extortionist need not hate his victim. That kind of malice is not contemplated by the crime of extortion." Alonso, 447 So. 2d at 1030. In an extortion case, the defendant is driven by greed, not hatred. "Taking the text of [section 836.05] as a whole, and considering its context and the discernable purposes of the legislature," we conclude that the statutory term "maliciously" means legal malice. Seese, 955 So. 2d at 1149.

In so finding, we reject the rationale employed by our sister court in Calamia. We observe that the court in Calamia itself reasoned that legal malice is the more appropriate standard, and that post-Calamia, district courts have continued to rely on Alonso and Dudley. See Dudziak v. State, 149 So. 3d 61 (Fla. 4th DCA 2014); O'Flaherty-Lewis v. State, 230 So. 3d 15 (Fla. 4th DCA 2017). Moreover, we are persuaded by the reasoning in

Seese,[2] concluding that "the plain meaning of the statutory term maliciously is legal malice: i.e. 'wrongfully, intentionally, without legal justification'" in the aggravated stalking context, where there is no statutory definition for the term. "Malicious behavior goes beyond intent to cause injury to include behavior that is 'without just cause or excuse.'" Johnstone v. State, 298 So. 3d 660, 664 (Fla. 4th DCA 2020) (quoting Khan v. Deutschman, 282 So. 3d 965, 968 (Fla. 1st DCA 2019)).

We conclude that the conduct the extortion statute intends to criminalize, pertinent in the instant case, is threatening an injury to the reputation of another with the intent to extort money or compel another to pay a sum of money against her will intentionally and without a lawful justification.

Affirmed.

---

[2] This Court has cited Seese with approval in Johnson v. State, 273 So. 3d 62 (Fla. 3d DCA 2018), and Fernandez v. State, 263 So. 3d 224 (Fla. 3d DCA 2019), both of which are stalking cases.

7